PER CURIAM.
Pedro Medina appeals an order entered by the circuit court finding Medina sane to be executed pursuant to Florida Rule of Criminal Procedure 3.812. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm the circuit court’s order.
A detailed factual and procedural account of this case was set forth in our opinion in Medina v. State, 690 So.2d 1241 (Fla. 1997), in which we reversed an earlier circuit court order and remanded for an evidentiary hearing pursuant to rule 3.812.
Upon remand, the circuit court appointed two mental health experts to examine Medina pursuant to rule 3.812(c)(2). After evaluating Medina, the experts submitted written findings on February 21, 1997, concluding that Medina has the mental capacity to understand the fact of the pending execution and the reason for it.
As directed by this Court pursuant to rule 3.812(a), the circuit court held a de novo evidentiary hearing on February 24, T997, and heard testimony from the following witnesses on behalf of Medina: seven present or former Capital Collateral Representative (CCR) attorneys, two CCR investigators, three mental health experts, and six death row inmates. Also on behalf of Medina, the court viewed videotapes of interviews of Medina and four corrections officers by the two court-appointed mental -health experts, and reviewed a transcript of testimony by another mental health expert who testified on Medina’s amended 3.850 motion. The circuit court considered the following evidence on behalf of the State: the testimony of the two court appointed mental health experts, a sheriffs deputy, a prison chaplain, and thirteen corrections officers.
After considering all the evidence, the circuit court entered an extensive order on March 3, 1997, detailing the evidence which was presented and which the circuit court considered. The circuit court concluded:
It is uncontroverted that Defendant has displayed bizarre behavior over the past few weeks, months, and even years. It is important to remember, though, that some of his behavior is not unusual behavior for inmates to engage in. Additionally, it can probably be said that Defendant suffers from some form of mental pathology or mental illness. However, this Court is not charged with the duty of determining precisely what, if any, mental pathologies or infirmities Defendant suffers from. Rath *1256 er, the issue is whether counsel for Defendant has established by clear and convincing evidence that Defendant lacks the mental capacity to understand the fact of the pending execution and the reason for it.
Based upon the totality of all the evidence and testimony presented to the Court at the hearing on this matter, including but not limited to the reports of the Court-appointed disinterested mental health experts Dr. Gutman and Dr. Mings, the Court hereby ORDERS and ADJUDGES that:
1. Defendant does not meet the criteria for insanity at time of execution.
2. Defendant does not lack the mental capacity to understand the fact of the pending execution.
3. Defendant does not lack the mental capacity to understand the reason for the pending execution.
4. Defendant understands that his execution is imminent, and he understands why he is to be executed.
Therefore, all relief in this Court is hereby DENIED.
(Footnote omitted.)
The circuit court held the hearing pursuant to rule 3.812, properly considered all the evidence, and made a determination on the basis of rule 3.812(e) as we directed in our opinion in Medina v. State, 690 So.2d 1241 (Fla. 1997). We find that the record contains competent, substantial evidence to support the circuit court’s order. Accordingly, we affirm the order of the circuit court denying, pursuant to rule 3.812(e), Medina’s motion.
It is so ordered.
OVERTON, GRIMES, HARDING and WELLS, JJ., concur.
ANSTEAD, J., concurs specially with an opinion, in which KOGAN, C.J. and SHAW, J., concur.