PER CURIAM.
John Errol Ferguson appeals an order entered by the Eighth Judicial Circuit Court finding him competent to be executed. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution. For the reasons expressed below, we affirm the circuit court’s Order Finding John Errol Ferguson Sane to be Executed.
On September 5, 2012, Governor Rick Scott signed a death warrant for Ferguson and set the execution for Tuesday, October 16, 2012. On September 24, 2012, Ferguson submitted filings to the Governor, wherein he claimed that he is incompetent to be executed. As required by section 922.07, Florida Statutes (2012), the Governor temporarily stayed Ferguson’s execution on September 26, 2012, and appointed a commission of three psychiatrists to examine Ferguson. As a group, the psychiatrists conducted their examination and issued a joint report declaring Ferguson sane to be executed. After receiving the report of the commission, the Governor determined that Ferguson had the mental capacity to understand the nature of the death penalty and the reasons why it was being imposed upon him. The Governor lifted the stay and the execution remained set for Tuesday, October 16, 2012.
On October 3, 2012, Ferguson filed a motion for stay and hearing after the Governor’s determination of sanity to be executed in the Eighth Judicial Circuit pursuant to Florida Rule of Criminal Procedure 3.811(d) and 3.812. The circuit court issued an order setting the evidentiary hearing for October 9 and 10, 2012. The court then issued a second order staying Ferguson’s execution until 4:00 p.m. Wednesday, October 10, 2012.
On October 8, 2012, Ferguson filed a motion to stay his execution with this Court. This Court denied the stay, but clarified that its scheduling order did not prohibit the circuit court from entering a longer stay if the circuit court deemed it necessary. Upon this clarification, the circuit court extended the stay until Friday, October 12, 2012. Ferguson filed another motion for stay with this Court on October 11, 2012. This Court granted the stay until October 18, 2012.
At the evidentiary hearing, held on October 9 and 10, 2012, the circuit court heard testimony from Dr. George Woods, Dr. Richard Rogers, Dr. Wade Myers, Dr. Tonia Werner, Sgt. Randall Mobley, Correctional Officer Jay Taylor, Sgt. Gerald Whitehead, Warden John Palmer, Assistant Warden Brad Whitehead, Jennifer Sagle, Dr. Enrique Suarez, and one of Ferguson’s counsel who was present at the interview — Patricia Brannan. The experts testified regarding Ferguson’s competency. The lay witnesses testified regarding their daily interactions with Ferguson and all noted that he was not in the habit of making unusual requests or of being uncooperative. After hearing the testimony, on October 12, 2012, the circuit court entered an Order Finding John Errol Ferguson Sane to be Executed. This is Ferguson’s appeal, wherein Ferguson raises two issues.
Sanity to be Executed
Ferguson alleges that the circuit court improperly found him sane to be executed based on its finding that Ferguson’s delusions are a manifestation of a normal Christian belief. Consequently, Ferguson argues that there is not competent, substantial evidence to support the circuit court’s determination. Alternatively, Ferguson argues that the circuit court’s determination was a misapplication of the standard pronounced in Panetti v. Quarterman, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), and that this Court’s opinion in Provenzano v. State, 760 So.2d 137 (Fla.2000), is no longer good law. The *1156 State maintains that Ferguson is competent and that no evidence in the record supports his assertion that he is currently insane to be executed. The circuit court found “that though Ferguson does have a diagnosed mental illness, paranoid schizophrenia, there is no evidence that his mental illness interferes, in any way, with his ‘rational understanding’ of the fact of his pending execution and the reason for it.” Ferguson v. State, No. 04-2012-CA-000507 at 18 (Fla. 8th Cir. Oct. 12, 2012) (Order). Because the trial court specifically found that Ferguson suffers from mental illness and rejected the State’s argument that Ferguson malingers, the narrow question for this Court is whether there is competent, substantial evidence to support the trial court’s determination that Ferguson’s mental illness does not interfere with his rational understanding of the fact of his pending execution. Whether Ferguson’s convictions are representative of mainstream Christian principles or delusions that derive from his mental illness does not affect our inquiry. For the reasons expressed below, we find competent, substantial evidence to affirm the circuit court’s order finding Ferguson sane to be executed.
“In order for insanity to bar execution, the defendant must lack the capacity to understand the nature of the death penalty and why it was imposed.” Johnston v. State, 27 So.3d 11, 26 n. 8 (Fla.) (citing § 922.07(3), Fla. Stat. (2009)), cert. denied, — U.S. -, 131 S.Ct. 459, 178 L.Ed.2d 292 (2010); Provenzano v. State, 760 So.2d 137, 140 (Fla.2000) (quoting Fla. R.Crim. P. 3.812(b) (“whether the prisoner lacks the mental capacity to understand the fact of the pending execution and the reason for it”)). The proper standard of review of a trial court’s order pursuant to rule 3.812 is whether the record contains competent, substantial evidence to support the trial court’s finding. See id.; Medina v. State, 690 So.2d 1255, 1256 (Fla.1997).
Florida’s method of determining a prisoner’s competence to be executed stems from the United States Supreme Court’s opinion in Ford v. Wainwright, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986). In Ford, the United States Supreme Court, in a plurality decision, pronounced that “the Eighth Amendment prohibits a State from carrying out a sentence of death upon a prisoner who is insane.” Ford, 477 U.S. at 409-410, 106 S.Ct. 2595. Ford had been sentenced to death in Florida, and his death warrant signed. At the time, when a prisoner raised a question of his sanity to be executed, the Governor alone made the determination and there was no review of the determination by the courts. The United States Supreme Court held that the Eighth Amendment entitled prisoners to an adversarial proceeding where a defendant can present evidence to support the assertion that the defendant is insane to be executed and cross-examine the witnesses presented by the State in support of the defendant’s competence. In response, Florida promulgated Florida Rule of Criminal Procedure 3.812 (providing for a hearing on the prisoner’s insanity to be executed where the court may admit evidence it deems relevant to the issues).
In Provenzano, we explained that Florida, through rule 3.812, adopted the standard promoted by Justice Powell in his concurring opinion in Ford. Provenzano, 760 So.2d at 140 (quoting Fla. R.Crim. P. 3.812(b)). We found that despite the case being troubling due to Provenzano’s mental health problems, “in this context, the Eighth Amendment only requires that defendants be aware of the punishment they are about to suffer and why they are to suffer it.” Id. at 140 (citing Ford, 477 U.S. at 422, 106 S.Ct. 2595 (Powell, J., concurring)).
*1157 Ferguson argues that the United States Supreme Court’s decision in Panetti clarified the holding in Ford and constitutes a change in the standard to be applied in rule 3.812 proceedings to represent a stricter standard than that adopted by this Court in its decision in Provenzano. We disagree. The Panetti court explicitly declined to extend its ruling to all competency proceedings. Furthermore, to the extent that Panetti represents any change in the Court’s jurisprudence, the change does not alter our decision in Provenzano.
The issue in Panetti was whether “[t]he state court’s failure to provide the procedures mandated by Ford constituted an unreasonable application of clearly established law as determined by [the Supreme] Court.” Panetti, 551 U.S. at 948, 127 S.Ct. 2842. The Fifth Circuit Court of Appeals required only that Panetti knew the fact of his impending execution and the factual predicate for the execution. Panetti, 551 U.S. at 942, 127 S.Ct. 2842. Acknowledging that “[t]he opinions in Ford ... did not set forth a precise standard for competency,” the Court nevertheless found that the Fifth Circuit’s standard was not sufficient. Panetti, 551 U.S. at 957-60, 127 S.Ct. 2842. The Court stated that “[a] prisoner’s awareness of the State’s rationale for an execution is not the same as a rational understanding of it [and] Ford does not foreclose inquiry into the latter.” Panetti, 551 U.S. at 959, 127 S.Ct. 2842. The Court, accordingly, rejected the standard pronounced by the Fifth Circuit, but specified that it would “not attempt to set down a rule governing all competency determinations.” Panetti, 551 U.S. at 960-61, 127 S.Ct. 2842. Consequently, Panetti is a narrowly tailored decision that does not overturn this Court’s decision in Pro-venzano.
Similar to the facts in our decision in Provenzano, there is evidence that Ferguson suffers from some mental illness. Specifically, the circuit court found that Ferguson has a documented history of paranoid schizophrenia. Further, the circuit court found “little evidence ... [that leads the circuit court] to believe that Ferguson’s ‘Prince of God’ delusion is anything other than genuine belief.” Additionally, unlike the record in. Provenzano, the circuit court here found a “lack of sufficient evidence of malingering.” However, the record also indicates that Ferguson understands what is taking place and why. Specifically, the record indicates that Ferguson is aware that he has never before had a death warrant signed on his behalf and that he would be the first person to receive Florida’s current protocol of medications for lethal injection.
In this context, the Eighth Amendment requires only that defendants be aware of the punishment they are about to receive and the reason they are to receive it. See Ford, 477 U.S. at 422, 106 S.Ct. 2595 (Powell, J., concurring). Our decision in Provenzano requires that Ferguson understand the connection between his crime and the punishment he is to receive for it. Provenzano, 760 So.2d at 139. In finding Ferguson sane to be executed, the circuit court found that “Ferguson is aware that the State is executing him for the murders he committed and that he will physically die as a result of the execution. There is no evidence that in his current mental state Ferguson believes himself unable to die or that he is being executed for any reason other than the murders he was convicted of in 1978.” Order at 18. We find that there is competent, substantial evidence to support the circuit court’s determination that Ferguson is sane to be executed.
Due Process
In his second argument on appeal, Ferguson alleges that he failed to receive a *1158 full and fair hearing because: (1) the State did not give him forewarning of its theory that his delusions constituted mainstream Christian beliefs; (2) he was not permitted to cross examine an expert witness; and (3)he was forced to proceed without a key witness. We have carefully reviewed the parties’ arguments and the record in this case, and find each of these claims to be without merit.
Conclusion
For the foregoing reasons, we affirm the order of the circuit court finding Ferguson sane to be executed. No rehearing will be entertained by this Court. The mandate shall issue immediately. We vacate the stay previously entered.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.