WILSON, Circuit Judge,
concurring in the result:
I write separately to address the Florida Supreme Court’s statement that Panetti v. Quarterman, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), “does not alter [its] decision in Provenzano [v. State, 760 So.2d 137 (Fla.2000)].” Ferguson v. State, Fla.2012, 112 So.3d. 1154, 2012 WL 7989528 (No. SC12-2115, Oct. 17, 2012).
Repeating the standard from Provenza-no, the Florida Supreme Court in Ferguson declared that “the Eighth Amendment requires only that defendants be aware of the punishment they are about to receive and the reason they are to receive it.” Id. (citing Ford v. Wainwright, 477 U.S. 399, 422, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986) (Powell, J., concurring)); see Provenzano, 760 So.2d at 140. That statement of the law is patently incorrect in the wake of Panetti, which explicitly held that “[a] prisoner’s awareness of the State’s rationale for an execution is not the same as a rational understanding of it.” 551 U.S. at 959, 127 S.Ct. at 2862 (emphasis added).
While I acknowledge that the Florida Supreme Court was on the right track when it stated that “Ferguson [must] understand the connection between his crime and the punishment he is to receive for it,” Ferguson v. State, Fla.2012, 112 So.3d. 1154, 2012 WL 7989528 (No. SC12-2115, Oct. 17, 2012) (emphasis added), its assertion that Provenzano remains unchanged by Panetti suggests that a naked awareness standard is sufficient. That is not so — once again, I emphasize that Panetti requires more than just a prisoner’s ability to regurgitate the State’s announced reason for his punishment or to recite the facts attendant to his execution. Panetti requires “a rational understanding of the reason for [that] execution.” 551 U.S. at 958, 127 S.Ct. at 2861. Therefore, insofar as the Florida Supreme Court continues to believe that “the Eighth Amendment requires only that defendants be aware of the punishment they are about to receive and the reason they are to receive it,” Ferguson v. State, Fla.2012, 112 So.3d. 1154, 2012 WL 7989528 (No. SC12-2115, Oct. 17, 2012), it is not correct; Panetti requires more.
Having stated my concerns, and despite the Florida Supreme Court’s acknowledgement that Ferguson is not malingering and that he suffers from mental illness, I agree that we must defer to the Florida Supreme Court’s finding that “[t]here is no evidence that in his current mental state Ferguson believes himself unable to die or that he is being executed for any reason other than the murders he was convicted of in 1978.” Id. (internal quotation marks omitted). I am therefore obliged to concur in the result.